IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SARAH BUTLER and <br> CARRIE MCCORMICK, <br> <br> Relators, <br> <br> vs. <br> <br> GREENLEE TEXTRON, INC. and <br> TEXTRON, INC. <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:10-cv-00528-GPM-PMF <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Relators, SARAH BUTLER and CARRIE MCCORMICK ("Relators"), by and through their undersigned attorneys, and for their Complaint against Defendants, GREENLEE TEXTRON, INC. and TEXTRON, INC. (generally referred to hereafter as "Textron" or Defendants"), allege as follows:

## NATURE OF THE ACTION

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

2. As set forth in detail below, Defendants have violated 35 U.S.C. § 292(a) by falsely advertising and/or marking articles with expired patents for the purpose of deceiving their competitors and the public into believing that such articles are covered by the falsely advertised and/or marked patents.

3. Relators seek an award of monetary damages against Defendants, one-half of which shall be paid to the United States, the other half of which shall be paid to Relators pursuant to 35 U.S.C. § 292(b).

## THE PARTIES

4. Relator, Sarah Butler, is a natural person and citizen and resident of the Southern District of Illinois.

5. Relator, Carrie McCormick, is a natural person and citizen and resident of the State of Missouri, located within the jurisdiction of the U.S. District Court for the Eastern District of Missouri.

**6.** Defendant, GREENLEE TEXTRON, INC., was (and is) a corporation organized and existing under the laws of Delaware, doing business in Illinois with a licensed distribution center located at 4411 Boeing Drive, Rockford, Illinois 61109.

7. Defendant, TEXTRON, INC., was (and is) a corporation organized and existing under the laws of Delaware, having its principal place of business at 40 Westminster Street, Providence, RI 02903 and registered to do business in the State of Illinois.

8. At all times relevant herein, GREENLEE TEXTRON, INC. was a wholly-owned subsidiary of TEXTRON, INC., which is liable for the actions of GREENLEE TEXTRON, INC.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

10. Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because Defendants have conducted and continue to conduct business in this District through the sale of their products which are the subject matter of this Complaint to consumers throughout this District. Upon information and belief, such sales are substantial, continuous, and systematic.

11. Relators have standing to bring this action under 35 U.S.C. § 292(b), which provides that "any person" may sue for civil monetary penalties for false advertising or marking in connection with any unpatented articles and/or marking of patents.

## BACKGROUND

12. The false marking patent statute, 35 U.S.C. § 292, exists to insure that the public has accurate information on the existence of patent rights. As summarized by the Federal

Circuit, the patent marking statute exists to: 1) help avoid innocent infringement of patent articles; 2) encourage patent holders to give notice to the public that an article is patented; and 3) aid the public in identifying whether an article is patented. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998).

13. When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not protected by such expired patent.

14. Falsely advertising an article or falsely marking an article with an expired patent harms the public interest in numerous ways, including:

   a. Stifling competition in the marketplace and deterring innovation;

   b. Deterring scientific research when an inventor sees a marked article and foregoes continued research to avoid potential infringement;

   c. Unnecessarily increasing costs to competitors who must invest in efforts to "design around" a patent, or investigate and analyze the validity or enforceability of a patent;

   d. Deterring competitors from entering the market with competing articles;

   e. Permitting the patentee to impermissibly extend the term of its monopoly; and,

   f. Confusing and misleading the public, as the expiration date of a U. S. patent is not easily ascertainable by the public at the time of purchase.

   g. Moreover, while basic information about a patent may be available to the public via the website of the U. S. Patent and Trademark Office, a member of the public must conduct a thorough and complicated analysis to determine whether a patent is expired.

## THE EXPIRED PATENTS

15. U.S. Patent No. 4,375,128 ("the '128 Patent") entitled MANUAL KEYWAY PUNCHING TOOL was filed on April 13, 1981 and issued on March 1, 1983. A true and correct copy of the '128 Patent is attached as Exhibit 1 to this Complaint.

16. The '105 Patent expired no later than March 1, 2000.

17. U.S. Patent No. 4,543,722 ("the '722 Patent") entitled SLUG-SPLITTING PUNCH was filed on January 27, 1983 and issued on October 1, 1985. A true and correct copy of the '722 Patent is attached as Exhibit 2 to this Complaint.

18. The '722 Patent expired no later than January 27, 2003.

19. U.S. Patent No. 4,899,447 ("the '447 Patent") entitled PANEL PUNCH was filed on January 22, 1988 and issued on February 13, 1990. A true and correct copy of the '447 Patent is attached as Exhibit 3 to this Complaint.

20. The '447 Patent expired no later than January 22, 2008.

## GENERAL ALLEGATIONS

21. Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 20 of this Complaint.

22. Upon information and belief, Defendants make, sell, and advertise or have made, sold, and advertised a variety of products for sale to distributors and retailers and for use by the public.

23. Upon information and belief, Defendants are a sophisticated business entity with extensive experience in the procurement, acquisition, and licensing of patents in the United States.

24. Upon information and belief, because of the nature of their business, Defendants actively seek and maintain a number of patents.

25. Defendants claim to own, or have licenses under, a substantial number of patents and patent applications.

26. Upon information and belief, Defendants have an in-house legal department (or otherwise retain attorneys) that is/are responsible for Defendants' intellectual property and ensuring compliance with marketing, labeling, and advertising laws.

27. Upon information and belief, as sophisticated business entities, Defendants knew or reasonably should have known of the requirements and provisions of 35 U.S.C. § 292.

28. Upon information and belief, Defendants have, in the past, advertised, marked or caused to be marked, and continue to advertise, mark or cause to be marked, products with at least one expired patent and even advertise and/or marks their products with multiple expired patents.

## COUNT I – False Marking of the '128 Patent

29. Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 28 of this Complaint.

30. Specifically, upon information and belief, Defendants have, in the past, advertised, marked or caused to be marked, and continue to advertise, mark or cause to be marked, at least the following products with the '128 Patent:

    a. The "720 Keyway Punch." A copy of the catalog page advertising said product is attached hereto as Exhibit 4 to this Complaint.

31. As more fully set forth in Exhibit 4, Defendants advertised the '128 Patent as recently as July 11, 2010 in their "on-line" catalog and advertised the "720 Keyway Punch" as patented with the intent to sell the "720 Keyway Punch."

32. Upon information and belief, and as seen on Exhibit 4, the instances of false marking shown in Exhibit 4 are representative and not exhaustive of all of the uses of the '128 Patent.

33. Defendants knew, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

34. Upon information and belief, Defendants knew, or reasonably should have known, that the products they advertised for sale, marked and continue to advertise and/or mark with the '128 Patent is not covered by the expired patent as advertised or otherwise marked on their products because expired patents have no monopoly rights.

35. Upon information and belief, Defendants have advertised, marked and continue to advertise or otherwise mark their products with the '128 Patent for the purpose of consciously deceiving the public into believing that their products are covered by the '128 Patent.

36. Upon information and belief, Defendants intentionally included the '128 Patent on their products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

37. Each instance of false advertising and/or marking of Defendants' products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

38. By falsely advertising and/or marking their products with patents that have expired, Defendants have benefited commercially and financially.

39. Thus, by advertising, marking and continuing to advertise or otherwise mark its products with the '128 Patent without a reasonable belief that such products were covered by the

'128 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT II – False Marking of the '722 Patent

40. Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 28 of this Complaint.

41. Specifically, upon information and belief, Defendants have, in the past, advertised, marked or caused to be marked, and continue to advertise, mark or cause to be marked, at least the following products with the '722 Patent:

> a. The "Slug-Splitter." A copy of the catalog page advertising said products is attached hereto as Exhibit 5 to this Complaint.
>
> b. The "Slug-Buster® Punches." A copy of the catalog page advertising said products is attached hereto as Exhibit 6 to this Complaint.

42. As more fully set forth in Exhibits 5 – 6, Defendants advertised the '722 Patent as recently as July 11, 2010 in their "on-line" catalog and advertised the "Slug-Splitter" and the "Slug-Buster® Punches" as patented with the intent to sell the "Slug-Splitter" and the "Slug-Buster® Punches."

43. Upon information and belief, and as seen on Exhibits 5 - 6, the instances of false marking shown in Exhibits 5 - 6 are representative and not exhaustive of all of the uses of the '722 Patent.

44. Defendants knew, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

45. Upon information and belief, Defendants knew, or reasonably should have known, that the products they advertised for sale, marked and continue to advertise and/or mark

with the '722 Patent are not covered by the expired patent as advertised or otherwise marked on its product because expired patents have no monopoly rights.

46. Upon information and belief, Defendants have advertised, marked and continue to advertise or otherwise mark their products with the '722 Patent for the purpose of consciously deceiving the public into believing that their products are covered by the '722 Patent.

47. Upon information and belief, Defendants intentionally included the '722 Patent on their products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

48. Each instance of false advertising and/or marking of Defendants' products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

49. By falsely advertising and/or marking their products with patents that have expired, Defendants have benefited commercially and financially.

50. Thus, by advertising, marking and continuing to advertise or otherwise mark their products with the '722 Patent without a reasonable belief that such products were covered by the '722 Patent, Defendants have injured the sovereign interests of the United States as well as the public interest, and have discouraged competition and innovation in competing products.

## COUNT III – False Marking of the '447 Patent

51. Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 28 of this Complaint.

52. Specifically, upon information and belief, Defendants have, in the past, advertised, marked or caused to be marked, and continue to advertise, mark or cause to be marked, at least the following products with the '447 Patent:

      a.    "Electric Connector Panel Punches."  A copy of the catalog page advertising said product is attached hereto as Exhibit 7 to this Complaint.

53. As more fully set forth in Exhibit 7, Defendants advertised the '447 Patent as recently as July 11, 2010 in their "on-line" catalog and advertised the "Electric Connector Panel Punches" as patented with the intent to sell the "Electric Connector Panel Punches."

54. Upon information and belief, and as seen on Exhibit 7, the instances of false marking shown in Exhibit 7 are representative and not exhaustive of all of the uses of the '447 Patent.

55. Defendants knew, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

56. Upon information and belief, Defendants knew, or reasonably should have known, that the products they advertised for sale, marked and continue to advertise and/or mark with the '447 Patent are not covered by the expired patent as advertised or otherwise marked on their products because expired patents have no monopoly rights.

57. Upon information and belief, Defendants have advertised, marked and continue to advertise or otherwise mark their products with the '447 Patent for the purpose of consciously deceiving the public into believing that their products are covered by the '447 Patent.

58. Upon information and belief, Defendants intentionally included the '447 Patent on their products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

59. Each instance of false advertising and/or marking of Defendants' products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

60. By falsely advertising and/or marking their products with patents that have expired, Defendants have benefited commercially and financially.

61. Thus, by advertising, marking and continuing to advertise or otherwise mark their products with the '447 Patent without a reasonable belief that such products were covered by the '447 Patent, Defendants have injured the sovereign interests of the United States as well as the public interest, and have discouraged competition and innovation in competing products.

## **PRAYER FOR RELIEF**

WHEREFORE, Relators pray that this Court enter judgment in their favor and against Defendants as follows:

A. Entering an injunction prohibiting Defendants, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292;

B. Order Defendants to pay a civil monetary fine of $500.00 for each product sold by Defendants that was falsely advertised or marked as an offense for the violation of 35 U.S.C. § 292, or an alternative amount as determined by the fact-finder, one-half of which shall be paid to the United States and one-half of which shall be paid in equal amounts to the Relators;

C. Order Defendants to provide an accounting for each and every product that was advertised and/or marked with an expired patent and order Defendants to pay a civil monetary fine of $500.00 for each product sold by Defendants that was falsely advertised or marked as an offense for the violation of 35 U.S.C. § 292, or an alternative amount as determined by the fact-finder, one-half of which shall be paid to the United States and one-half of which shall be paid to the Relators;

D.  Order Defendants to pay all costs of this action, including attorneys' fees and all available interest; and,

E.  Grant Relators any such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

 /s/  Judy L. Cates
JUDY L. CATES # 00414743
DAVID CATES #06289198
*The Cates Law Firm, L.L.C.*
216 West Pointe Drive, Suite A
Swansea, IL  62226
Telephone: (618) 277-3644
Facsimile: (618) 277-7882
E-mail: jcates@cateslaw.com
dcates@cateslaw.com

*Attorneys for Relators, Sarah Butler and Carrie McCormick*